**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **Kristen Lawler fka Kristen Alleman**<br>811 Lone Rise Drive<br>Marysville, Ohio 43040<br><br>Plaintiff,<br><br>vs.<br><br>**Trinity Financial Services, LLC**<br>c/o Registered Agent Solutions, Inc.<br>4568 Mayfield Road, Suite 204<br>Cleveland, Ohio 44121<br><br>Defendant. | Case No:<br><br>Judge: |

**COMPLAINT FOR MONEY DAMAGES AND DECLARATORY RELIEF**

**JURY DEMAND ENDORSED HEREIN**

The following allegations are based upon Plaintiff's personal knowledge, the investigation of counsel, and information and belief.  Plaintiff, through counsel, alleges as follows:

**I. INTRODUCTION**

1.  Plaintiff Kristen Lawler fka Kristen Alleman ("Ms. Lawler" or "Plaintiff") was in contract to sell her home.  She had plans to move with her husband out of state.  However, those plans came to a grinding halt when Defendant Trinity Financial Services, LLC ("Defendant") came out of the woodwork demanding an excessive and exorbitant amount of money on an alleged second mortgage.  Defendant is an out of state debt collector.  It is unlawfully operating as a mortgage servicer in Ohio. It is not registered with the state.  It is also running afoul of numerous federal laws.  Ms.

1

Lawler repeatedly tried to get information from Defendant, a company she had never heard of, to move forward with the sale. Defendant refused to cooperate. Ms. Lawler had to retain counsel to seek information about this alleged second mortgage. Even after retaining counsel, Defendant's obstinance continued as it blindly doubled down on its violations of law. Worse yet, the minimal information Defendant did provide shows it is not even entitled to enforce the alleged second mortgage. Ultimately, the contract to sell Ms. Lawler's home fell apart due to Defendant's actions. Ms. Lawler was left with no choice but to bring this lawsuit.

## II. PRELIMINARY STATEMENT

2. Plaintiff institutes this action for actual damages, statutory damages, punitive damages, attorney fees, and the costs of this action against Defendant for violations of the Real Estate Settlement Procedures Act ("RESPA"), the Truth in Lending Act ("TILA"), the Ohio Residential Mortgage Lending Act ("RMLA"), the Fair Debt Collection Practices Act ("FDCPA"), as well as declaratory relief and to quit title under Ohio law.

## III. JURISDICTION

3. This Court has subject matter jurisdiction over Count One pursuant to RESPA, 12 U.S.C. § 2614, and 28 §§ U.S.C. 1331 and 1337.

4. This Court has subject matter jurisdiction over Count Two pursuant to TILA, 15 U.S.C. § 1640(e), and 28 U.S.C. §§ 1331 and 1337.

5. This Court has subject matter jurisdiction for Count Three pursuant to 28 U.S.C. § 1367.

6. This Court has subject matter jurisdiction for Count Four pursuant to the FDCPA, 15 U.S.C. § 1692k(d), and 28 U.S.C. §§ 1331 and 1337.

7. This Court has subject matter jurisdiction for Count Five and Six pursuant to 28 U.S.C. § 1367 and 28 U.S.C. § 2201.

8. The Court has personal jurisdiction over Defendant because Defendant transacts business within this District, the loan at issue was incurred within this District, and the property which was the subject of the loan at issue is located within this District. *International Shoe v. Washington*, 326 U.S. 310 (1945).

9. Venue is proper in accordance with 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district and the property is located in this judicial district.

## IV. PARTIES

10. Plaintiff is a natural person currently residing within this Court's jurisdiction at 811 Lone Rise Drive, Marysville, Ohio 43040.

11. At all relevant times, Plaintiff was and is a "person" within the meaning of RESPA at 12 U.S.C. § 2602(5).

12. At all relevant times, Plaintiff was and is a "borrower" within the meaning of RESPA.

13. At all relevant times, Plaintiff was and is a "consumer" within the meaning of TILA at 15 U.S.C. § 1602(1).

14. At all relevant times, Plaintiff was and is a "borrower" within the meaning of the RMLA at O.R.C. § 1322.01(G).

15. At all relevant times, Plaintiff was and is a "buyer" within the meaning of the RMLA at O.R.C. § 1322.01(I) as the term "includes an individual whose mortgage loan is serviced by a mortgage servicer."

16. At all relevant times, Plaintiff was and is a "consumer" within the meaning of the FDCPA at 15 U.S.C. § 1692a(3).

17. Defendant is a company organized under the laws of the United States of America with its principal place of business in California.

18. At all relevant times, Defendant was and is a "person" within the meaning of RESPA, 12 U.S.C. § 2602(5).

19. At all relevant times, Defendant was and is a loan "servicer" of the subject "federally related mortgage loan" within the meaning of those terms in RESPA respectfully at 12 U.S.C. §§ 2605(i)(2) and 2602(1).

20. At all relevant times, Defendant was engaged in "servicing" within the meaning of RESPA, 12 U.S.C. § 2605(i)(3).

21. At all relevant times Defendant was and is a "creditor" of a consumer obligation within the meaning of TILA at 15 U.S.C. § 1602(g).

22. At all relevant times Defendant was and is a "mortgage servicer" within the meaning of the RMLA at O.R.C. § 1322.01(BB).

23. At all relevant times Defendant was and is a "person" within the meaning of the RMLA at O.R.C. § 1322.01(EE).

24. At all relevant times, Defendant was and is a "debt collector" within the meaning of the FDCPA, 15 U.S.C. § 1692a(6).

25. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

26. Defendant acquired servicing rights, if any, after the subject mortgage was allegedly in default.

## V. FACTUAL ALLEGATIONS

27. Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

28. Each action or inaction alleged herein against Defendant is also an allegation of action or inaction by Defendant's agents, predecessors, successors, employees, contractors, assignees, assignors, and servicers, as appropriate.

29. On or about May 24, 2006, Ms. Lawler, and her husband at the time, Paul Alleman ("Mr. Alleman"), entered into an 80/20 loan to purchase the property located at 811 Lone Rise Drive, Marysville, Ohio 43040 (the "Property").

30. As part of that transaction, Ms. Lawler and Mr. Alleman financed the property through SouthStar Funding, LLC[1] ("SouthStar") with a 30-year adjustable rate mortgage in the amount of $216,800.00 ("First Mortgage") at an initial rate of 9.475% as well as a second note in the amount of $54,200.00 at an interest rate of 15.05% secured by a mortgage ("Second Mortgage").

31. Both the First and Second Mortgage were initially serviced by the same company.

32. In or around 2007, Ms. Lawler filed for divorce from Mr. Alleman.

33. As part of the divorce, Ms. Lawler was awarded the Property.

34. Unfortunately, following the divorce, Ms. Lawler experience financial difficulty.

---

[1] SouthStar was a notorious subprime lender that collapsed amid the Great Recession and Mortgage Crisis. SouthStar ceased mortgage lending operations and filed for bankruptcy protection on April 11, 2007.

35. On or about September 1, 2010, Ms. Lawler entered into a loan modification on her mortgage with GMAC Mortgage, LLC (the "Loan Modification").

36. The Loan Modification dropped the interest rate to 5.75% and had a principal balance of $286,332.66.

37. Ms. Lawler believed the Loan Modification included both the First and Second Mortgage.

38. After entering the Loan Modification, Ms. Lawler did not receive any periodic statements regarding the Second Mortgage.

39. Ms. Lawler continued to pay on the Loan Modification for years.

40. In or around 2017, ownership and servicing of the Second Mortgage allegedly transferred to Defendant.

41. Defendant treated the Second Mortgage as if it were in default upon its transfer.

42. At all times relevant, Defendant was not registered as a mortgage servicer with the Ohio Department of Commerce, Division of Financial Institutions.

43. At the time, and as of the date of this filing, Defendant did not have policies and procedures in place to ensure timely transfer of all information and documents in the possession and control prior servicers as required under 12 C.F.R. § 1024.38(b)(4).

44. Defendant did not send Ms. Lawler notice of the transfer.

45. Defendant did not send Ms. Lawler any periodic statements regarding the Second Mortgage.

46. To date, Defendant has not sent Ms. Lawler any periodic statements regarding the Second Mortgage.

47. In or around July 2021, Ms. Lawler decided to move out of state and sell the Property.

48. In or around September 2021, Ms. Lawler entered into contract to sell the Property for $385,000.00.

49. At the time, Ms. Lawler was current on the Loan Modification and only owed approximately $216,000.00.

50. Ms. Lawler was not aware of the alleged Second Mortgage at the time.

51. A title search of the Property showed the Second Mortgage as a lien against the Property.

52. On or about September 29, 2021, Ms. Lawler emailed Defendant about the Second Mortgage.

53. On or about September 29, 2021, Defendant responded and told Ms. Lawler that servicing of the Loan had been transferred to FCI Lender Services "(FCI)".

54. On or about September 29, 2021, Ms. Lawler called FCI.

55. During the call, FCI told Ms. Lawler that it transferred the Second Mortgage to Defendant in 2016.

56. On or about September 29, 2021, Ms. Lawler again emailed Defendant and informed it that FCI had transferred servicing back to Defendant.

57. On or about September 30, 2021, Defendant now claimed that the Second Mortgage was transferred to it and requested details on the sale of the Property so it could provide a payoff.

58. In response, Ms. Lawler requested a copy of the Second Mortgage documents and as many details as possible.

59. Defendant did not respond to Ms. Lawler's request.

60. On or about October 7, 2021, Defendant sent a payoff quote (the "Payoff").

61. In the Payoff, Defendant demanded $173,902.17 to release the Second Mortgage lien.

62. Of the $173,002.17 Payoff, $114,453.23 was interest and $5,775.84 was for alleged late charges.

63. Ms. Lawler was shocked when she received the payoff as she had not received any statements.

64. Ms. Lawler had never heard of Defendant and did not know if it had any right to demand such an excessive amount, if any, to release the lien.

65. The amount Defendant demanded exceeded all the equity Ms. Lawler had in the Property.

66. As a result of Defendant's actions, Ms. Lawler was not able to close on the sale of the Property.

67. Ms. Lawler had no choice but to retain counsel.

68. On or about October 30, 2021, Ms. Lawler, through counsel, sent Defendant a letter (the "October Letter")

69. The October Letter identified Ms. Lawler, the Property address, and account number.

70. The October Letter requested information pertaining to the Second Mortgage, including but not limited to, the following:

      a.   A full accounting of the alleged Second Mortgage;

      b.   Copies of all periodic statements;

      c.   All notices of servicing transfers;

      d.   All notices of default; and

      e.  A copy of the original Note.

71. Defendant received the October Letter.

72. Ms. Lawler incurred legal fees and costs associated with preparing and mailing the October Letter.

73. Defendant did not respond to the October Letter.

74. After not receiving any response to the October Letter, Ms. Lawler retained the undersigned counsel.

75. On or about February 1, 2022, Ms. Lawler, through counsel, sent Defendant another letter (the "February Letter").

76. The February Letter identified Ms. Lawler, the Property address, and account number.

77. The February Letter consisted of three parts: (1) a Notice of Error; (2) a Request for Information, and (3) TILA Demand.

78. The Notice of Error identified the following errors with the Second Mortgage:

      a.  Defendant's failure to send periodic statements;

      b.  Defendant's failure to respond to the October Letter;

      c.  Defendant's failure to register as a mortgage servicer with the Ohio Department of Commerce, Division of Financial Institutions pursuant to R.C. § 1322.07; and

      d.  Defendant's failure to maintain a proper accounting.

79. The Request for Information sought information relating to the Second Mortgage, including but not limited to, the following:

      a.  A complete accounting;

    b.   A copy of the security instrument;

    c.   Copies of all images and versions of the Note,

    d.   All servicing notes;

    e.   All correspondence sent to Ms. Lawler regarding any alleged default; and

    f.   All mortgage statements.

80. The TILA Demand requested Defendant to provide a current reinstatement quote as well as a current payoff quote, including pursuant to 15 U.S.C. § 1369g.

81. Defendant failed to provide the payoff quote within 7 days of receipt of the February Letter.

82. On or about March 1, 2022, Defendant sent a letter acknowledging receipt of the February Letter and stating that Defendant "will respond accordingly."

83. Defendant failed to respond to the February Letter within 30 business days of receipt.

84. On or about April 20, 2022, Defendant responded to the February Letter ("Response Letter").

85. Despite being post marked for April 20, 2022, Defendant back dated the Response Letter to April 13, 2022.

86. Defendant's Response Letter failed to address any of the Notices of Errors in the February Letter.

87. Defendant's Response Letter failed to provide the majority of the information sought in the Request for Information in the February Letter.

88. The documents Defendant did provide included a Note with alleged allonges containing indorsements.

89. The first allonge to the Note shows SouthStar, the original payee, allegedly indorsed the Note specifically to Wilmington Trust Company, as Trustee ("Wilmington").

90. There are no other allonges showing Wilmington ever indorsed the Note specifically, or in blank, to any other entity.

91. The documents show Trinity cannot enforce the Note.

92. Defendant's Response Letter failed to include any accounting for the Second Mortgage, servicing notes, correspondence, and mortgage statements.

93. Defendant's Response Letter failed to provide a reinstatement or payoff quote.[2]

94. As a direct and proximate result of Defendant's action, Ms. Lawler was unable to complete the sale of the Property and has suffered consequential and incidental damages flowing from the same.

95. As a direct and proximate result of Defendant's action, Ms. Lawler suffered emotional distress, including but not limited to sleepless nights, excessive stress, and anxiety.

96. As a direct and proximate result of Defendant's actions, Ms. Lawler has incurred actual damages, including but not limited to, the costs associated with seeking information she was not provided, costs associated with Defendant's failure to address the errors asserted by Ms. Lawler, loss of profit from the sale of the Property, costs associated with the unrealized sale of the Property, as well as alleged arrearages on the Second mortgage, capitalized costs, loss of equity, and improperly charged fees and interest.

**COUNT ONE – RESPA - QWR**

---

[2] The Response Letter claims to have provided a reinstatement and payoff quote, but the document provided contained only illegible symbols.

97. Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

98. The October Letter is a "qualified written request" as that term is defined in 12 U.S.C. § 2605(e)(1)(B).

99. The February Letter is a "qualified written request" as that term is defined in 12 § U.S.C. 2605(e)(1)(B).

100. Defendant's actions defined herein constitute violations of RESPA, 12 U.S.C. § 2601, et seq.

75. By failing to provide any response to the October Letter, Defendant violated RESPA, including pursuant to 12 U.S.C. § 2605(e)(2) and 12 C.F.R. § 1024.36.

76. By failing to conduct an investigation of the Second Mortgage after receiving the October Letter, Defendant violated RESPA, including pursuant to 12 U.S.C. § 2605(e)(2)(B) and 12 C.F.R. § 1024.36(d).

77. By failing to provide Ms. Lawler with the information in the she requested in the October Letter, Defendant violated RESPA and Regulation X, including pursuant to 12 U.S.C. § 2605(e) and 12 C.F.R. § 1024.36(d).

78. By failing to respond to the February Letter within 30 business days of receipt, Defendant violated RESPA, including pursuant to 12 U.S.C. § 2605(e) and

79. By failing to adequately respond to the February Letter, Defendant violated RESPA, including pursuant to 12 U.S.C. § 2605(e) and 12 C.F.R. §§ 1024.35-36.

80. By failing to address or correct any of Ms. Lawler's Notices of Error in the February Letter, Defendant violated RESPA, including 12 U.S.C. § 2605(e)(2)(B) and 12 C.F.R. § 1024.35(e).

81. By failing to provide Ms. Lawler with the information she requested in the February Letter, Defendant violated RESPA and Regulation X, including pursuant to 12 U.S.C. § 2605(e) and 12 C.F.R. § 1024.36(d).

82. By failing to conduct an investigation after receiving the February Letter, Defendant violated RESPA, including 12 U.S.C. § 2605(e)(2)(B) and 12 C.F.R. § 1024.35(e).

83. By failing to provide Ms. Lawler with an adequate explanation or clarification about why Defendant could not provide the information requested in the February Letter, Defendant violated RESPA and Regulation X, including pursuant to R.C. 12 U.S.C. § 2605(e)(2)(C) and 12 C.F.R. § 1024.36(d).

84. As a result of Defendant's actions, Ms. Lawler suffered emotional distress, including but not limited to sleepless nights, excessive stress, and anxiety.

85. As a result of Defendant's actions, Ms. Lawler has incurred actual damages, including but not limited to, all costs and expenses associated with preparing and sending the October and February Letters, loss of profit from the sale of the Property, costs associated with the unrealized sale of the Property, as well as alleged arrearages on the Second mortgage, capitalized costs, loss of equity, and improperly charged fees and interest.

86. Defendant has engaged in a pattern or practice of non-compliance with the requirement of the mortgage servicer provisions of RESPA, including those as set forth in 12 U.S.C. § 2605 and Regulations X at 12 C.F.R. § 1024.36(d).

87. Defendant is liable to Ms. Lawler for damages, including but not limited to, her actual damages to be determined at trial, including pursuant to 12 U.S.C. § 2605(f)(1)(a), statutory damages in an amount of at least $2,000.00 for each

violation, including pursuant to 12 U.S.C. § 2605(f)(1)(B), the cost of this action and attorney fees, including pursuant to 12 U.S.C. § 2605(f)(3), and other relief as this Court deems just and necessary.

## COUNT TWO – TILA

88. Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

89. At all relevant times, Defendant was and is subject to TILA, 15 U.S.C. § 1601, *et seq*.

90. Defendant's actions discussed herein constitute violations of TILA, 15 U.S.C. § 1601, *et seq*.

91. By failing to provide periodic statements to Ms. Lawler, Defendant violated TILA, including pursuant to 15 U.S.C. § 1637, 15 U.S.C. § 12 C.F.R. § 1026.7; and 12 C.F.R. § 1026.41.

92. By failing to provide a payoff quote, Defendant violated TILA, including pursuant to 15 U.S.C. § 1639g.

93. As a result of Defendant's violations, Ms. Lawler suffered emotional distress, including but not limited to sleepless nights, excessive stress, and anxiety.

94. As a result of Defendant's violations actions, Ms. Lawler incurred actual damages, including but not limited to, loss of profit from the sale of the Property, costs associated with the unrealized sale of the Property, as well as alleged arrearages on the Second Mortgage, capitalized costs, loss of equity, and improperly charged fees and interest.

95. Defendant is liable to Ms. Lawler for damages, including but not limited to, her actual damages to be determined at trial, including pursuant to 15 U.S.C. § 1640(a)(1), statutory damages in excess of $4,000.00, including pursuant to 15 U.S.C. § 1640(a)(2)(A)(iv), the cost of this action and attorney fees, including pursuant to 15 U.S.C. § 1640(a)(3), and other relief as this Court deems just and necessary.

## COUNT THREE – RMLA

96. Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

97. At all relevant times, Defendant was and is subject to the RMLA, O.R.C. § 1322.01 et seq.

98. Defendant's actions discussed herein violate the RMLA at O.R.C. § 1322.01 et seq.

99. By engaging in the activities of a mortgage servicer within the state of Ohio without registering with the superintendent of financial institutions, Defendant violated the RMLA, including pursuant to O.R.C. § 1322.07(A)(1).

100. By making false and misleading material statements, Defendant violated the RMLA, including pursuant to O.R.C. 1322.40.

101. By engaging in conduct that constitutes improper, fraudulent or dishonest dealings, Defendant violate the RMLA, including pursuant to O.R.C. § 1322.40(C).

102. As a result of Defendant's actions, Ms. Lawler has incurred actual damages, including but not limited to all costs associated with preparing and sending the

October and February Letters, loss of profit from the sale of the Property, costs associated with the unrealized sale of the Property, as well as alleged arrearages on the Second mortgage, capitalized costs, loss of equity, and improperly charged fees and interest.

103. Defendant is liable to Ms. Lawler for damages, including but not limited to, her actual damages to be determined at trial, including pursuant to O.R.C. § 1322.52(A)(1)-(2), punitive damages, including pursuant to O.R.C. § 1322.52(A)(3), the cost of this action and attorney fees, including pursuant to O.R.C. § 1322.52(A)(2), and other relief as this Court deems just and necessary.

## COUNT FOUR - FDCPA

104. Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

105. At all relevant times, Defendant was and is subject to the FDCPA, 15 U.S.C. § 1692a, *et seq*.

106. At all times relevant, the Second Mortgage was and is a purported obligation of a consumer to pay money arising out of a consumer transaction in which the subject of the transaction is and was primarily for personal, family, or household purposes.

107. Defendant's actions defined herein constitute violations of the FDCPA, 15 U.S.C. § 1692a, *et seq*.

108. Defendant's actions constitute false, deceptive, or misleading representations in connection with the collection of a debt in violation of 15 U.S.C. 1692e, including but not limited to:

16

    a.  Falsely representing its ability to collection on the alleged debt in violation of the FDCPA, 15 U.S.C. § 1692e(5);

    b.  Falsely representing the legal status, character, or amount of the debt in violation of the FDCPA, 15 U.S.C. § 1692e(2)(A);

109. Defendant's actions constitute unfair or unconscionable means in connection with the collection of the debt in violation of 15 U.S.C. § 1692f, including but not limited to:

    c.  Attempting to collect, or otherwise acting as a mortgage servicer, without registering with the state of Ohio

    d.  Attempting to collect interest, fees, charges, and expenses that are not expressly authorized by the Second Mortgage or permitted by law.

110. As a result of Defendant's actions and communications in connection with the collection of a debt, Ms. Lawler suffered emotional distress, including but not limited to sleepless nights, excessive stress, and anxiety.

111. As a result of Defendant's actions, Ms. Lawler has incurred actual damages, including but not limited to all costs associated with preparing and sending the October and February Letters, loss of profit from the sale of the Property, costs associated with the unrealized sale of the Property, as well as alleged arrearages on the Second mortgage, capitalized costs, loss of equity, and improperly charged fees and interest.

112. Defendant is liable to Ms. Lawler for damages, including but not limited to, her actual damages, including pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an amount of at least $1,000.00, including pursuant to 15 U.S.C. §

1692k(a)(2)(A), the cost of this action and attorney fees, including pursuant to 15 U.S.C. § 1692k(a)(3), and other relief as this Court deems just and necessary.

## COUNT FIVE – DECLARATORY RELIEF

113. Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

114. A justiciable controversy exists whereby Defendant claims rights to enforce the Second Mortgage that are unsupported by the alleged controlling documents.

115. Even if Defendant could enforce the Second Mortgage, Defendant had a legal and contractual obligation to send Ms. Lawler periodic statements.

116. Defendant was barred from assessing additional interest, costs, fees, and charges against the Second Mortgage without providing Ms. Lawler periodic statements.

117. Defendant cannot collect any additional interest, costs, fees, and charges is assessed against the Second Mortgage due to its failure to provide Ms. Lawler periodic statements.

118. A justiciable controversy exists as to what amount, if any, Defendant can claim is due and owning on the Second Mortgage.

119. Ms. Lawler is entitled to declaratory judgment establishing Defendant has not rights to enforce the Second Mortgage.

120. Even if Defendant has the right to enforce the Second Mortgage, Ms. Lawler is entitled to declaratory judgment that no amounts are due and owing as a result of Defendant's failure to provide periodic statement.

121. Even if Defendant has the right to enforce the terms of the Second Mortgage, at a minimum, Ms. Lawler is entitled to a declaratory judgment barring Defendant

from demanding, asserting, or otherwise seeking to recover any interest, costs, fees, and charges they assessed without providing Ms. Lawler a periodic statement.

## COUNT SIX – QUIET TITLE

122.   Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

123. Ms. Lawler is the owner of the Property in fee simple.

124. Ms. Lawler obtained fee simple title to the Property by means of a Quit Claim Deed recorded on or about May 3, 2010.

125. Ms. Lawler is a person in possession of the Property pursuant to O.R.C. § 5303.01.

126. Defendant may claim an interest, lien, or estate in the Property that is adverse to the Ms. Lawler by virtue of the Second Mortgage.

127. Any interest, lien, or estate in the Property claimed by Defendant is barred by the reasons discussed in this Complaint.

128. Any interest, lien, or estate in the Property claimed by Defendant is barred because it is not a person entitled to enforce the Note.

129. Defendant's failure to release the Second Mortgage creates a cloud on title of the Property.

130. Any further action to enforce the Second Mortgage is barred for reasons stated in this Complaint.

131. The Clarks seek declaratory relief on any lien by virtue of the Second Mortgage and quieting title in accordance with O.R.C § 5303.01 with respect to this debt.

132. Ms. Lawler is entitled to an order from this Court quieting the title to the Property in Ms. Lawler's favor as to any lien of Defendant or its predecessors or successors and the recording of such an order with the Union County Recorder's Office.

## VIII. PRAYER FOR RELIEF

A. Assume jurisdiction of this case;

B. Award Plaintiff her maximum all Counts, including the maximum statutory damages available, the maximum economic and non-economic damages available, including actual, emotional, general, punitive, and other damages;

C. Award Plaintiff actual damages to be established at trial, including pursuant to 15 U.S.C. § 1692k(a)(1), 15 U.S.C. § 1640(a)(1), O.R.C. § 1322.52 and 12 U.S.C. § 2605.

D. Award Plaintiff statutory damages in the amount of up to at least $1,000.00, including pursuant to 15 U.S.C. § 1692k(a)(2)(A);

E. Award Plaintiff statutory damages in the amount of at least $4,000.00, including pursuant to 15 U.S.C. § 1640(a)(2).

F. Award Plaintiff statutory damages in the amount of at least $2,000.00, including pursuant to 12 U.S.C. § 2605;

G. Award Plaintiff attorney fees and costs of this action including pursuant to 15 U.S.C. § 1692k(a)(3), 15 U.S.C. § 1640(a)(3), O.R.C. § 1322.52, and 12 U.S.C. § 2605;

H. Issue a judicial determination of the rights and responsibilities of the parties;

I.  Issue an order prohibiting Defendant, or its predecessors or successors, from bringing any future action to enforce the Second Mortgage.

J.  Quiet title as to any lien or claims by Defendant or its predecessors or successors;

K.  Issue an order determining the interest of the parties, mandating the Clerk of Courts to file said order with the Union County Recorder's Office, and taxing the costs of this filing to Defendant;

L.  Award Plaintiff additional damages and costs; and

M.  Award such other relief as the Court deems appropriate.

**HEREFORE**, Plaintiff respectfully prays that this Court:

Dated this May 5, 2022

<div style="margin-left:40%">

Respectfully Submitted,
DOUCET GERLING CO., L.P.A.

*/s/ Andrew J. Gerling*
Andrew J. Gerling (0087605)
655 Metro Place South, Suite 600
Dublin, OH  43017
PH:  614-221-9800
Fax: (818) 638-5548
andrew@doucet.law
*Attorney for Kristen Lawler*

</div>

## JURY TRIAL DEMANDED

The plaintiffs respectfully request a jury trial on all triable issues.

<div style="margin-left:40%">

*/s/ Andrew J. Gerling*
Andrew J. Gerling (0087605)

</div>